IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN SWANBERG, | ) | 8:07CV420 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On July 11, 2008, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Now, following the entry of a favorable decision by the administrative law judge on remand, and the computation of past-due benefits, the plaintiff's counsel has filed a motion for an award of attorney fees under 42 U.S.C. § 406(b),[1] in the amount of $6,917.00. The Commissioner takes the position the requested fee is unreasonable and exceeds the

---

[1] Section 406(b) provides in part:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

amount that has been withheld from past-due benefits. Upon careful consideration of the record, the court will award the plaintiff's counsel a fee of $5,881.25 under § 406(b), to be paid out of past-due benefits, and will direct her to refund to the plaintiff the sum of $2,283.75 that was previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## *I. BACKGROUND*

The plaintiff, Steven Swanberg, applied for disability insurance benefits and supplemental security income benefits on July 8, 2004, claiming that he had become disabled on July 1, 2003, due to depression and alcohol problems. The alleged onset date of disability was later amended to October 1, 2002. The applications were denied on November 30, 2004, with the state agency finding that Swanberg would not be disabled if he stopped using drugs and alcohol. The same finding was made on reconsideration of the applications on February 24, 2005. At Swanberg's request, an administrative hearing was held on October 23, 2006. The administrative law judge ("ALJ") issued a partially favorable decision on November 22, 2006, in which he concluded that Swanberg was disabled since October 13, 2004, when he stopped using alcohol. Past-due benefits were calculated and paid for this period, and the plaintiff's counsel received an attorney's fee for services performed before the Commissioner.

On October 16, 2007, Swanberg executed a new fee agreement "in connection with the filing of a Complaint in the U.S. District Court for the District of Nebraska, the purpose of which is to appeal the November 22, 2006 Administrative Law Judge decision which granted my claim for federal disability benefits beginning 10/13/04, rather than my alleged onset date of 10/1/02." (Filing 36-2, at 1.) Swanberg agreed to pay "a fee of 25% of all past-due benefits awarded pursuant to any favorable determination made on this claim." (*Id.*) The agreement also provided: "I further understand that if I receive nothing from that claim, there will be no fee. I also understand that if the U.S. District Court issues a remand or reversal of the denial

2

decision, that an additional fee can be awarded to the Firm pursuant to the Equal Access to Justice Act (EAJA) petition." (*Id.*)

On July 11, 2008, this court reversed the ALJ's decision in part and remanded the case to the Commissioner to reconsider the plaintiff's residual functional capacity during the period from October 1, 2002, to October 13, 2004, and to make a proper determination under 42 U.S.C. § 423(d)(2)(C) of whether alcohol or drug use was a contributing material factor to the plaintiff's disability during such period. A motion for an award of attorney fees under the EAJA was filed by the plaintiff and was granted by the court on October 1, 2008, after the Commissioner indicated there was no objection to the award. The plaintiff requested, and the court awarded, the sum of $2,283.75, which represented 13.05 hours of work by the plaintiff's attorney, at an average hourly rate of $175.00.[2]

Following a hearing on remand, the ALJ issued a favorable decision finding that Swanberg became disabled on July 1, 2003. Attached to the affidavit of the plaintiff's counsel are two notices of award, both dated January 4, 2009. The first notice, which is addressed to Swanberg, states in part: "Your past-due benefits are $19,728.00 for April 2005 through December 2006. Under the fee agreement, the representative cannot charge you more than $4,932.00 for his or her work. . . . We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $5,881.25 from the past due benefits of you and your family in case we need to pay your lawyer." (Filing 36-2, at 4.) The second notice is addressed to Swanberg's daughter. It stated that she was "entitled to a monthly child's benefit for December 2003 through August 2006" in the amount of $7,594.00, and that the Social Security Administration "withheld $1,898.50 from your past-due benefits to pay the

---

[2] This average hourly rate equaled the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996.

representative." (*Id.*, at 1-2.) The plaintiff's counsel requests an attorney fee award under § 406(b) for the combined amount withheld, $6,917.00.

The Commissioner has provided evidence that a corrected notice of award was sent to Swanberg on March 25, 2009, subsequent to the filing of the pending motion. The corrected notice states in part:

> The paragraph [in the original notice] referring to a fee agreement approval and a fee of $4,932.00 based on past due benefits of $19,728.00 for the period April 2005 through December 2006 should not have been included. Those figures were based on your initial partially favorable decision issued in late 2006, and that fee was previously paid to your attorney.
>
> A more favorable decision after a remand by the Court resulted in additional past due benefits of $15,931.00. We are withholding 25% of that amount, or $3,982.75, for a possible additional fee to your attorney. We have also withheld $1,898.50 from the past due benefits that were due another individual on your record. The total amount we are currently withholding for a possible additional fee is $5,881.25.

(Filing 41-2, at 1.)

Although a total of $5,881.25 has been withheld from past-due benefits in anticipation of the court awarding the plaintiff's counsel a 25% contingent fee, the Commissioner argues that a fee of this size for 13.05 hours of work is unreasonable. The plaintiff's counsel's states in the motion that 24.95 hours of her time was involved in pursuing the claim "at all levels of the court process and second administrative hearing." (Filing 35, at 2.) In addition to the 13.05 hours of work for which EAJA fees were awarded application, the plaintiff's counsel states that she spent 3.75 hours preparing the EAJA application, 4.40 hours in connection with the hearing before the ALJ on remand, and 3.75 hours preparing the pending motion. (Filing 36-2, at 11-12.) Her usual hourly rate is not stated.

4

## *II. DISCUSSION*

Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id.* Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.,* at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186." *Id.,* at 796.

In assessing the reasonableness of a 25% contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate. If the past-due benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be in order. *See id.,* at 808 (also noting that "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge).

The evidence establishes that the attorney fee award in this case cannot exceed $5,881.25,[3] and the court also agrees with the Commissioner that 13.05 hours is the

---

[3] Even though $1,898.50 of this amount is for past-due benefits owing to Swanberg's daughter, the Supreme Court has held that "the benefits from which an attorney's fee is withheld under section 406 include not only the wage earner's past-due benefits, but those of his dependents as well." *Shinn v. Sullivan*, 915 F.2d 1186, 1188 (8th Cir. 1990) (citing *Hopkins v. Cohen*, 390 U.S. 530, 534 (1968)).

5

correct divisor for computing the de facto hourly rate, rather than the 24.95 hours claimed by the plaintiff's counsel. The services performed by the plaintiff's counsel before the ALJ on remand are compensable under 42 U.S.C. § 406(a), but not under § 406(b). The court cannot award attorney's fees for work done at the administrative level. *See Gowen v. Bowen*, 855 F.2d 613, 618 (8th Cir. 1988). Time spent by the plaintiff's counsel in preparing the application for EAJA fees should have been included in that application for payment by the government, *see Kelly v. Bowen*, 862 F.2d 1333, 1334-35 (8th Cir. 1988) (preparing EAJA fee application is compensable under the EAJA because it is "necessary for the preparation of the party's case"), and the failure of the plaintiff's counsel to have done so in this case will work to the detriment of her client, to whom she will be required to remit the EAJA fee in order to receive a larger attorney fee under § 406(b). Under these circumstances, it would be unfair to consider any of this time in assessing the reasonableness of the contingent fee agreement.[4] The additional time spent by the plaintiff's counsel in preparing the pending motion for attorney's fees will also be disregarded because this motion has been filed for counsel's benefit, to enable her to receive direct payment out of the proceeds of the litigation.

To generate a non-contingent fee of $5,881.25 while devoting 13.05 hours to this case, the plaintiff's counsel would need to charge an hourly rate of $450.67. While high, this amount is not unreasonable for a contingent fee in a case where the Commissioner insisted there was substantial evidence that Swanberg's substance abuse disqualified him from receiving any benefits prior to October 13, 2004. *See Bear v. Astrue*, 544 F.Supp.2d 881, 884 (D.Neb. 2008) (noting that "a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high, especially in cases involving substance abuse and dependence," and that "when a lawyer wins having proceeded on a contingency basis, an attorney fee that might

---

[4] The 3.75 hours claimed by the plaintiff's counsel for preparing the EAJA fee application is also excessive.

6

otherwise appear unreasonable is perfectly appropriate.") (citing examples). In taking this case, the plaintiff's counsel assumed the risk that she might be paid nothing for her services. However, she has substantial experience litigating Social Security cases in this court and was able to use her time efficiently to prepare two cogent briefs discussing the material facts and applicable law.[5] It is also significant that Swanberg has signed a declaration stating that he has no objection to the 25% contingent fee and is "pleased and satisfied" with the services his attorney provided. (Filing 36-2, at 13.) The court therefore will award the plaintiff's counsel a fee equal to the full amount that has been withheld from past-due benefits, $5,881.25. As requested in the motion, the plaintiff's counsel will also be directed to refund to her client the EAJA fees that were previously awarded.

Accordingly,

IT IS ORDERED:

1. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by the plaintiff's counsel (filing 35) is granted in part and denied in part, as follows:

   a. The sum of $5,881.25 shall be paid directly to the plaintiff's counsel from the past-due benefits that were withheld by the Social Security Administration for payment of an authorized attorney fee.

   b. The plaintiff's counsel shall refund to the plaintiff the sum of $2,283.75, which is the full amount of attorney fees previously awarded under the EAJA.

---

[5] The present case involved only a single issue, but as noted recently in *Harlow v. Astrue*, ___ F.Supp.2d ___, 2009 WL 995176, *3 n.3 (D.Neb. Apr. 13, 2009), the undersigned district judge has generally approved EAJA fee applications for up to 30 hours of attorney time in a fully-briefed Social Security appeal

    c. In all other respects, the motion is denied.

2. Judgment shall be entered by separate document.

May 15, 2009.        BY THE COURT:

                s/ *Richard G. Kopf*
                United States District Judge